

**1** ROSENFELD, MEYER & SUSMAN LLP
TODD W. BONDER (State Bar No. 116482)
**2**   *tbonder@rmslaw.com*
RYAN M. LAPINE (State Bar No. 239316)
**3**   *rlapine@rmslaw.com*
232 North Canon Drive
**4** Beverly Hills, California 90210-5302
Telephone: (310) 858-7700
**5** Facsimile: (310) 860-2430

**6** WASKOWSKI JOHNSON YOHALEM LLP
SETH YOHALEM, ESQ. (Il. 6284300);
**7**   *(Pro Hac Vice* application forthcoming)
954 W. Washington Blvd. Suite 720
**8** Chicago, IL 60607
Telephone: (312) 278-3156
**9** Fax: (312) 690-4641

**10** Attorneys for Plaintiffs
MARY RUTH HUGHES and KEVIN SHENKMAN

**11**

**12**        SUPERIOR COURT OF THE STATE OF CALIFORNIA

**13**            FOR THE COUNTY OF LOS ANGELES

**14**

**15** MARY RUTH HUGHES, an individual
and KEVIN SHENKMAN, an individual,
**16** on behalf of themselves and all others
similarly situated,
**17**
                    Plaintiffs,
**18**
        vs.
**19**
AUTOZONE PARTS, INC., a Nevada
**20** Corporation, AUTOZONE, INC., a Nevada
Corporation, AUTOZONE.COM, INC., a
**21** Corporate entity of unknown origin; and
DOES 1-20,
**22**
                    Defendants.
**23**

**24**

**25**

**26**

**27**

**28**

Case No.

**BC 6 31 0 8 0**

**CLASS ACTION COMPLAINT**

**(1)   BREACH OF CONTRACT**
**(2)   VIOLATION OF THE
        CONSUMER LEGAL REMEDIES
        ACT (CAL. CIVIL CODE §§ 1750
        *et seq.*);**
**(3)   VIOLATION OF THE FALSE
        ADVERTISING ACT (CAL.
        BUSINESS & PROFESSIONS
        CODE §§ 17500 *et seq.*);**
**(4)   VIOLATION OF UNFAIR
        COMPETITION LAW (CAL.
        BUSINESS & PROFESSIONS
        CODE §§ 17200 *et seq.*);**
**(5)   FRAUD**

        **JURY TRIAL DEMANDED**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 1 8 2016

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

509866.01

1       Plaintiffs Mary Ruth Hughes and Kevin Shenkman (collectively "Plaintiffs") on

2   behalf of themselves and all others similarly situated, complain and allege as follows

3   against Defendants AutoZone Parts, Inc., AutoZone, Inc., AutoZone.com, Inc.

4   (collectively "AutoZone") and Does 1-20 as follows:

5                               **NATURE OF THE CASE**

6       1.      This case addresses AutoZone's scheme to increase its profits by promising

7   its customers credits towards "a $20 reward" when they make purchases at AutoZone, only

8   to take away the credits after the fact and make the promised rewards illusory, while

9   keeping its customers' money.

10      2.      AutoZone represented (and continues to represent) that under its rewards

11  program, its customers would receive a "reward credit" for each purchase they made over

12  $20 and that after they accumulated five such credits, they would receive "a $20 Reward"

13  which they could use as a cash equivalent at AutoZone.

14      3.      Based on this representation by AutoZone, Plaintiffs and, on information and

15  belief, others similarly situated made purchases of over $20, including specifically making

16  extra purchases to bring their total over $20 so as to earn the "reward credit" promised to

17  them.

18      4.      However, after receiving Plaintiffs' money, AutoZone unilaterally changed

19  its rewards program to make the credits Plaintiffs had already paid money to acquire

20  "expire" after twelve months and any "$20 Reward" they might accrue expire after three

21  months.

22      5.      AutoZone's new "expiration" policy meant that Plaintiffs and likely most of

23  the rest of its "rewards" customers would not be able to redeem their rewards credits for

24  rewards dollars, because automobiles typically do not need maintenance on five separate

25  occasions during a twelve-month span; AutoZone is in the business of selling vehicle

26  maintenance products.

27      6.      Having induced Plaintiffs and others similarly situated to make purchases of

28  over $20 at AutoZone and to make numerous such purchases with a promise that they

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

509866.01

2

CLASS ACTION COMPLAINT

1 would earn rewards credits redeemable for a $20 reward, AutoZone took away this
2 promised benefit.

3     7.    To compound matters, AutoZone failed to adequately disclose the change to
4 its program, causing Plaintiffs to believe that they were continuing to accrue rewards
5 credits which could eventually be redeemed for rewards dollars even after the change.

6     8.    Indeed, even now, AutoZone continues to represent to its customers on its
7 website that they will "Earn a $20 Reward when you make 5 purchases of $20 or more!"

8     9.    Based on AutoZone's continued deceptive practices, Plaintiffs made
9 additional purchases at AutoZone of over $20, while continuing to have no idea that
10 AutoZone would cause to expire the rewards credits they were paying to acquire.

11     10.    Plaintiffs bring this action to put an end to AutoZone's deceptive practices
12 and to undo the harm they have caused similarly situated California consumers.

13     11.    This is a consumer class action that seeks, among other things, injunctive
14 relief, damages, including punitive damages, civil penalties, costs and disgorgement to
15 remedy AutoZone's ill-begotten gains through its deceptive "rewards" program obtained at
16 the expense of Plaintiffs and others similarly situated.

17 <center>**PARTIES, JURISDICTION AND VENUE**</center>

18     12.    Plaintiffs Mary Ruth Hughes and Kevin Shenkman are a married couple who
19 purchased goods from AutoZone in California while members of its rewards program.

20     13.    Upon information and belief, Defendants AutoZone, Inc. and AutoZone Parts,
21 Inc. are part of the same corporate family, organized under the laws of Nevada, and work
22 in tandem to sell automotive parts in California and to operate AutoZone's rewards
23 program. AutoZone.com, Inc., is, on information and belief, a corporate entity of
24 unknown origin that is also part of this corporate family. These AutoZone entities shall be
25 referred to herein, collectively, as "AutoZone." Upon information and belief, AutoZone
26 transacts more business in California than in any other state.

27     14.    The true names and capacities, whether individual, corporate, associate, or
28 otherwise, of defendants DOES 1 through 20, inclusive, are unknown to Plaintiffs, who

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

509865.01

3

CLASS ACTION COMPLAINT

1  therefore sue said defendants by such fictitious names.  Plaintiffs are informed and believe

2  and thereon alleges that each of the defendants designated as a DOE is legally responsible

3  in some manner for the events and happenings herein referred to, and legally caused the

4  injury and damages as herein alleged.  At such time that said defendants' true names

5  become known to plaintiffs, they will ask leave of this Court to amend this complaint to

6  insert said true names and capacities.

7       15.    Jurisdiction and Venue are proper because events giving rise to this claim

8  occurred in Los Angeles County, California.

9       16.    This class action is brought pursuant to the California Code of Civil

10  Procedure Section 382.  The damages and restitution sought by Plaintiffs exceed the

11  minimal jurisdiction limit of the Superior Court and will be established according to proof

12  at trial.

13       17.    This Court has jurisdiction over this action pursuant to the California

14  Constitution, Article VI, Section 10, which grants the Superior Court "original jurisdiction

15  in all causes except those given by statute to other courts."  The statutes under which this

16  action is brought do not specify any other basis for jurisdiction.

17                                    **FACTS**

18       18.    AutoZone is a national retailer of automotive parts with over five thousand

19  locations nationwide and hundreds of locations within the state of California.

20       19.    In order to encourage its customers to make purchases from it of over $20,

21  AutoZone maintains a rewards program.

22       20.    Plaintiffs Mary Ruth Hughes and Kevin Shenkman, a married couple, were

23  longtime loyal customers at AutoZone.

24       21.    After AutoZone told them (through advertising, store signage, and

25  interactions with AutoZone employees) that they would receive a $20 store credit every

26  time they made five purchases of over $20, they enrolled in AutoZone's rewards program.

27       22.    As part of this program, they received physical cards to present at AutoZone

28  each time they made a purchase of over $20.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

23.    AutoZone explained to them that after they made five such purchases, they would receive "20 rewards dollars," a store credit they could use at AutoZone as if it were cash.

24.    For years, Plaintiffs continued to buy products at AutoZone, often intentionally purchasing additional goods to bring their total over $20 so that they would receive a rewards credit.

25.    And for years, to the best of their knowledge, the program worked as AutoZone promised, with AutoZone giving them a $20 store credit every time they made five purchases of over $20.

26.    However, in early March 2016, after making a purchase at a local AutoZone store in Los Angeles, Plaintiffs learned that several of the rewards credits they had received as part of their prior purchases from AutoZone were no longer recognized by AutoZone; they had been seized by AutoZone with no compensation to Plaintiffs.

27.    Believing there to be an error, Mr. Shenkman complained to the AutoZone store employee and requested that the credits be put back on Plaintiffs' account.

28.    However, the employee informed Mr. Shenkman that their rewards credits had "expired" and refused to restore Plaintiffs' account or otherwise honor the rewards credits Plaintiffs had accumulated through their earlier purchases.  The employee explained that he was merely following corporate policy and was powerless to make any changes.

29.    Before AutoZone refused to honor their rewards credits in March 2016, Plaintiffs never learned that rewards credits could or would expire.

30.    Plaintiffs have since learned that AutoZone unilaterally changed the terms of its rewards program sometime in 2014 or 2015 to make rewards credits expire after twelve months and to make rewards dollars expire after three months.

31.    This change by AutoZone applied equally to purchases made and rewards credits earned before the change.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

509866.01

5

CLASS ACTION COMPLAINT

32.    Thus, customers like the Plaintiffs who made purchases at AutoZone in which they were supposed to receive *both* the goods being sold *and* the right to future rewards dollars to be used at AutoZone saw this right to the promised future cash evaporate.

33.    By making rewards credits expire within twelve months, AutoZone also effectively made it so that Plaintiffs, and, upon information and belief, the vast majority of its rewards members would never receive the "$20 Reward" advertised, because the vast majority of its customers would not and do not make five separate purchases of over $20 for automotive goods and services in a twelve-month span, rendering the "rewards" program illusory and deceptive.

34.    For example, even for older cars, the typical maintenance schedule recommends oil changes and other routine maintenance every three months.  A customer purchasing goods at AutoZone with which to perform routine maintenance would thus rarely if ever make five qualifying purchases within a twelve-month span and would never receive the promised "$20 Reward."

35.    Thus not only did AutoZone take away Plaintiffs and its other customer's rewards credits by causing them to expire, it made rewards credits that had not yet expired essentially worthless.

36.    AutoZone has claimed that it had the right to change its program and deny Plaintiffs the economic benefits to which they were entitled.

37.    Plaintiffs never agreed to that AutoZone could unilaterally change the terms of their purchases after taking their money.

38.    AutoZone also failed to adequately notify Plaintiffs of the change to its rewards program.

39.    AutoZone did not, for example, tell Plaintiffs at the time they were making purchases of over $20 *after the change* that the rewards credits they were paying money to acquire would now expire within twelve months.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

509866.01

6

CLASS ACTION COMPLAINT

40.    Likewise, nowhere on the physical card that they received from AutoZone and had used for many years was there any indication that rewards credits expired or that the terms by which they could use their rewards credits might change.

41.    To the contrary, even after changing its rewards program to make rewards credits expire within twelve months, AutoZone still advertises its rewards program in a manner designed to mislead its customers into believing that they will ultimately be able to redeem rewards credits for rewards dollars.

42.    For example, on the front page of its current rewards website, AutoZone prominently advertises its rewards program by stating "Earn a $20 Reward when you make 5 purchases of $20 or more!"

43.    AutoZone's website does not say "Earn a $20 Reward, *which remains valid for three months*, when you make 5 purchases of $20 or more *in a twelve-month span*!"

44.    AutoZone's misrepresentations and omissions caused Plaintiffs to continue to believe that they would earn a $20 reward after five purchases of over $20 at any time even after AutoZone had changed its rewards program to make rewards credits expire.

45.    Based on these misrepresentations and omissions, Plaintiffs continued to make purchases at AutoZone of over $20 even after AutoZone's changes.

46.    Plaintiffs would not have made purchases from AutoZone of over $20 had they known that the credits they were earning would or could expire in the future.

47.    Indeed, since learning that AutoZone purports to have the right to expire rewards credits, Plaintiffs have not made any further purchases at AutoZone.

48.    Plaintiffs bring this action to stop AutoZone's deceptive practices and undo the harm that it has caused to California consumers.

## CLASS ALLEGATIONS

49.    Plaintiffs bring this action and with this action seek to represent the following class:

All persons who were enrolled in AutoZone's rewards program and who made purchases from AutoZone in California for which: (1) the

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

509866.01

7

CLASS ACTION COMPLAINT

1      reward credit expired within the last four years; and/or (2) the $20
2      reward was deemed to expire within 3 months.

3      50.    Excluded from the Class are governmental entities, AutoZone, any entity in
4   which AutoZone has an interest and AutoZone's officers, directors, affiliates, legal
5   representatives, employees, successors, subsidiaries, and assigns. Also excluded from the
6   Class is any judge or judicial officer presiding over this matter and the members of their
7   immediate families and judicial staff.

8      51.    In addition, or in the alternative, to the above-defined Class, Plaintiffs may
9   propose subclasses based on payments made to AutoZone and the circumstance of
10  enrollment in AutoZone's rewards program if necessary to facilitate management of the
11  Class. However, the Class as defined above is both objectively and easily identifiable.
12  Class Members can be easily identified by AutoZone's records. The Class is determinable
13  and manageable in size. Plaintiffs are informed and believe, and based thereon allege, that
14  the Class as defined numbers tens of thousands of members or more. Furthermore, the
15  Class consists largely of persons residing in California. Class Members can be located
16  using AutoZone's records, and can be notified through reasonable expenditure of time and
17  money.

18     52.    The Class definition is reasonably limited in time. The definition's time
19  period includes the time during which AutoZone was selling goods and services using the
20  same uniform and standardized sales materials.

21     53.    Common questions of law and fact predominate over questions affecting only
22  individual Class Members. Individual questions are limited to easily determined and
23  provable issues of how much was paid by the individual Class Members to AutoZone,
24  whether AutoZone caused their rewards credits to expire, whether it caused their $20
25  rewards to expire and how many of each expired. Common questions of law and fact
26  predominate, including:

27
28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

509866.01



a.   Whether AutoZone breached its contracts with Class Members by causing their $20 reward credits to expire within twelve months and/or causing their $20 rewards to expire in three months;

b.   Whether AutoZone's change in policy to cause rewards credits to expire in twelve months and/or to cause $20 rewards to expire in three months violates California Civil Code sections 1770(a)(13); 1770(a)(14); 1770(a)(16); 1770(a)(17);

c.   Whether AutoZone's purported contractual right to unilaterally change the terms of its rewards program to expire credits and rewards is unconscionable and in violation of California Civil Code section 1770(a)(19);

d.   Whether AutoZone's website and sales materials advertising that customers would receive "a $20 Reward" if they made five purchases of $20 or more was false, misleading or deceptive;

e.   Whether AutoZone engaged in unfair competition;

f.   Whether AutoZone has been unjustly enriched by its collection and retention of payments for goods and services when it represented, inaccurately, that its customers would receive "a $20 Reward" if they made five purchases of over $20; and

g.   Whether AutoZone should be enjoined from further false, misleading or deceptive advertisements and/or unfair competition and required to restore expired rewards credits.

54.   Plaintiffs are members of the Class they seek to represent, and Plaintiffs' claims are typical of the claims of other Class Members. The standardized sales materials, advertising and website operated by AutoZone and presented to Plaintiffs contain the same language as that presented to the other Class Members. Plaintiffs are informed and believe, and based thereon allege, that defendants have the same obligations to Plaintiffs and to all Class Members with respect to their rewards credits. Furthermore, the nature of the damages and their causation will be the same for Plaintiffs as for other Class Members.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

509866.01

9

CLASS ACTION COMPLAINT

55. Plaintiffs' claims against AutoZone for false, misleading or deceptive advertising and for unfair competition are also typical of Class Members. Plaintiffs have suffered actual injury in fact and have lost money as a result of AutoZone's deceptive advertising and sales materials.

56. The Class is so numerous that joinder of all Class Members is impractical. Plaintiffs are unable to state the exact number of Class Members without discovery of the defendants' records; however, as alleged above, Plaintiffs believe that based on the number of AutoZone locations in California there are tens of thousands of class members if not more. This estimate is based in part on statements by AutoZone.

57. Plaintiffs will fairly and adequately represent and protect the interests of the class because (i) Plaintiffs have retained experienced litigation counsel and counsel will adequately represent the interests of the class; (ii) Plaintiffs and their counsel are aware of no conflicts of interest between Plaintiffs and absent class members; and (iii) Plaintiffs are knowledgeable concerning the subject matter of this action and will assist counsel in the prosecution of this action.

58. A class action provides a fair and efficient method of adjudicating this controversy, and is superior to other available methods of adjudication in that (i) neither the size of the class, nor any other factor, make it likely that difficulties will be encountered in the management of this action as a class action; (ii) the prosecution of separate actions by individual Class Members or the individual joinders of all Class Members in this action is impracticable, and would create a massive and unnecessary burden on the resources of California Courts, and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of each member of the Class; (iii) because of the disparity of resources available to the AutoZone versus those available to individual Class Members, prosecution of separate actions would work a financial hardship on many Class Members; (iv) there is no plain, speedy, or adequate remedy available to Class Members other than by maintenance of this class action because Plaintiffs are informed and believe, and based thereon allege, that the

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

509866.01

10

CLASS ACTION COMPLAINT

1  damage to each Class Member is relatively modest compared to the costs of litigating the

2  issues in this action, making it economically unfeasible to pursue remedies other than in a

3  class action; and (v) the conduct of this action as a class action conserves the resources of

4  the parties and the Court system and protects the rights of each member of the class and

5  meets all due process requirements as to fairness to all parties.  A class action is also

6  superior to the maintenance of these claims on a claim by claim basis because all of the

7  claims arise out the same circumstances and course of conduct.

8                          **FIRST CAUSE OF ACTION**

9              **(Breach Of Contract Against AutoZone and DOES 1-20)**

10       59.    Plaintiffs re-allege and incorporate paragraphs 1-58 of the Complaint as if

11  fully stated herein.

12       60.    Each time they made a purchase at AutoZone of over $20 while presenting

13  their rewards card, Plaintiffs and Class Members entered into a binding contract with

14  AutoZone.

15       61.    In those contracts, AutoZone offered to provide to Plaintiffs and Class

16  Members both the goods they ordered and a rewards credit that could be redeemed for a

17  $20 reward after five total purchases of over $20.

18       62.    Plaintiffs and Class Members accepted those terms and fully performed all

19  conditions of those contracts by paying AutoZone the amounts due at the time they made

20  their purchases.

21       63.    AutoZone breached and/or repudiated its contractual obligations when it

22  unilaterally "expired" the rewards credits earned in these transactions or otherwise set

23  them to expire, thus depriving Plaintiffs and Class Members of the full benefit of their

24  bargain.  It further breached and/or repudiated its contractual obligations when it provided

25  that any rewards earned from these transactions would expire in three months.

26       64.    Plaintiffs and Class Members were damaged by AutoZone's breach by losing

27  the value of the rewards credits and rewards that were promised to them.

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

509866.01

11

CLASS ACTION COMPLAINT

**SECOND CAUSE OF ACTION (In the Alternative To The First Cause of Action)**

**Contractual Breach of the Implied Covenent of Good Faith and Fair Dealing**

**(Against AutoZone and DOES 1-20)**

65.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 64, and each and every part thereof with the same force and effect as though fully set forth herein.

66.    Each time they made a purchase at AutoZone of over $20 while presenting their rewards card, Plaintiffs and Class Members entered into binding contracts with AutoZone.

67.    In these contracts, AutoZone offered **both** the goods they ordered and a rewards credit that could be redeemed for a $20 reward after five total purchases of over $20.

68.    Plaintiffs and Class Members accepted these terms and fully performed all conditions of these contracts by paying AutoZone the amounts due at the time they made their purchases.

69.    One of the benefits Plaintiffs and Class Members were to receive under these contracts was the right to receive "a $20 Reward" if they made five purchases of over $20.

70.    By making purchases at AutoZone, Plaintiffs and Class Members did all or substantially all of the things their contracts with AutoZone required in order to receive rewards credits.

71.    In the event that AutoZone somehow possessed the right to unilaterally set and change the terms of its rewards program even for purchases already made, and that term is deemed enforceable, AutoZone's conduct still constitutes a breach of the duty of good faith and fair dealing that is present in every contract.

72.    In particular, AutoZone's decision to require five separate purchases in twelve months of over $20 to earn a $20 reward and then setting any $20 reward to expire in three months unfairly interfered with Plaintiffs' and Class Members' right to receive the benefits

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

509866.01

12

CLASS ACTION COMPLAINT

1  contemplated by AutoZone's rewards programs as did its decision to "expire" those
2  rewards after three months.

3    73.    This is because the change to AutoZone's rewards program makes the
4  promised benefit under the program illusory — Plaintiffs and likely most AutoZone
5  rewards members will not actually make five separate purchases of goods over $20 within
6  a twelve-month span and therefore will never receive the promised $20 reward, nor will
7  they necessarily need another $20 purchase in the immediate three months after the
8  conclusion of that period.

9    74.    Accordingly, AutoZone's changes to its rewards program unfairly interferes
10 with Plaintiffs' and Class Members' right to the contemplated benefits of the program.

11    75.    Plaintiffs and Class Members were damaged by not receiving the full benefit
12 of their bargain.

13                         **THIRD CAUSE OF ACTION**
14            **Violation of California's Consumer Legal Remedies Act,**
15              **California Civil Code section 1750, *et seq.***
16                **(Against AutoZone and Does 1 through 20)**

17    76.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 -
18 75 and each and every part thereof with the same force and effect as though fully set forth
19 herein.

20    77.    On or about June 29, 2016, pursuant to California Civil Code § 1782(a) and
21 (d), Plaintiff notified AutoZone by certified mail, return receipt requested that it committed
22 acts or practices declared unlawful under California's Consumers Legal Remedies Act,
23 California Civil Code §§ 1750, *et seq.*

24    78.    By representing to Plaintiffs and Class Members that they would receive "a
25 $20 Reward" if they made five purchases of over $20, and then changing and/or otherwise
26 causing credits for such purchases expire within twelve months and the reward to expire
27 after three, AutoZone, through its agents and employees, engaged and continues to engage
28 in the following violations of California Civil Code:

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

505866.01

13
CLASS ACTION COMPLAINT

a.     Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions, in violation of California Civil Code § 1770(a)(13);

b.     Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law, in violation of California Civil Code § 1770(a)(14);

c.     Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not, in violation of California Civil Code § 1770(a)(16); and

d.     Representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction, in violation of California Civil Code § 1770(a)(17).

79.     In addition, to the extent it claims the contractual right to unilaterally change the terms of its rewards program so as to effectively deprive its rewards members of the benefits they were promised at the time they made purchases at AutoZone, AutoZone is in violation of California Civil Code § 1770(a)(19) because such a change is both procedurally and substantively unconscionable as applied here.

80.     The above-mentioned violations caused Plaintiffs and Class Members damages by causing them to make purchases they would not have otherwise made and causing them to lose their rewards credits and rewards and/or have them be devalued.

81.     As a result of the California Civil Code § 1770 violations described herein, Plaintiff and Class Members have suffered specific and general damages. More than thirty days have passed since Plaintiff sent the notice to AutoZone, but AutoZone has not taken the remedial actions specified in Civil Code Section 1782(b) or (c). Therefore, Plaintiffs are now entitled to damages pursuant to California's Consumer Legal Remedies Act.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

509866.01

14

CLASS ACTION COMPLAINT

1    82.   AutoZone acted with malice, oppression and/or fraud in engaging in the

2  California Civil Code § 1770 violations described herein.  As a result, Plaintiff and Class

3  Members are entitled to punitive damages.

### FOURTH CAUSE OF ACTION

**Violation of the California False Advertising Act –**

**Business & Professions Code §§ 17500, *et seq*.**

**(Against AutoZone and Does 1 through 20)**

8    83.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1

9  through 82, and each and every part thereof with the same force and effect as though fully

10  set forth herein.

11    84.   AutoZone engaged in unfair and deceptive advertising, in violation of

12  California Business and Professions Code § 17500, *et seq*., by misrepresenting to Plaintiffs

13  and Class Members in advertisements that they would receive rewards credits for

14  purchases of over $20 and be able to redeem them for 20 Rewards Dollars when they made

15  five total such purchases, when, in fact, AutoZone would later claim and now claims that it

16  has the right to make the credits earned expire before they can be redeemed and the $20

17  Reward Dollars expire before they can be redeemed.

18    85.   These acts and practices, as described above, have deceived Plaintiffs and

19  Class Members, causing them to lose money as herein alleged, and have deceived and are

20  likely to deceive the consuming public.  Accordingly, Defendants' business acts and

21  practices, as alleged herein, have caused injury to Plaintiffs and Class Members.

22    86.   In the absence of AutoZone's misrepresentations, Plaintiffs and Class

23  Members would not have purchased goods from AutoZone and/or would not have

24  purchased them in volume or with frequency.

25    87.   Plaintiff and Class Members are entitled to relief, including full restitution

26  and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which

27  may have been obtained by AutoZone as a result of such business acts or practices, and

28  enjoining AutoZone from engaging in the practices described herein

LAW OFFICES
ROSENFELD, D,
MEYER &
SUSMAN LLP

509866.01

15

CLASS ACTION COMPLAINT

### FIFTH CAUSE OF ACTION

**Violation of the California Unfair Competition Law —**

**Business & Professions Code §§ 17200, *et seq.***

**(Against AutoZone and Does 1 through 20)**

88.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 87, and each and every part thereof with the same force and effect as though fully set forth herein.

89.    California Business and Professions Code section 17200 prohibits any "unfair deceptive, untrue or misleading advertising." For the reasons discussed above, AutoZone has engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business & Professions Code sections 17200, *et seq.* by advertising its rewards program in a manner that suggests customers will earn 20 Rewards Dollars when they make five purchases of over $20, when, in fact, most AutoZone customers will not earn 20 Rewards Dollars when they make five purchases of over $20.

90.    California Business & Professions Code section 17200 also prohibits any "unlawful, unfair or fraudulent business act or practice."

91.    AutoZone has violated Sections 17200, *et seq.*'s prohibition against engaging in unlawful, unfair or fraudulent acts and practices by, among other things, making the misrepresentations and omissions of material fact about its rewards program as set forth herein, and violating section 1770 of the Consumers Legal Remedies Act. AutoZone violated Section 1770 by:

a.    Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions, in violation of California Civil Code § 1770(a)(13);

b.    Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law, in violation of California Civil Code § 1770(a)(14);

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

509866.01

c.    Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not, in violation of California Civil Code § 1770(a)(16); and

d.    Representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction, in violation of California Civil Code § 1770(a)(17).

92.    To the extent AutoZone claims the contractual right to unilaterally change the terms of its rewards program so as to effectively deprive its rewards members of the benefits they were promised at the time they made purchases at AutoZone, AutoZone is in violation of California Civil Code § 1770(a)(19) because such a change is both procedurally and substantively unconscionable as applied here.

93.    Plaintiffs and Class Members reserve the right to allege other violations of law that constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

94.    AutoZone's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business & Professions Code sections 17200, *et seq.* in that AutoZone's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  Plaintiffs assert violations of the public policy of engaging in false and misleading advertising, unfair competition, and deceptive conduct towards consumers.  There were reasonable alternatives available to further AutoZone's legitimate business interests, other than the conduct described herein.  This conduct constitutes violations of the unfair prong of California Business & Professions Code sections 17200, *et seq.*

95.    AutoZone's unfair business practices described herein were the immediate cause of damages suffered by Plaintiffs and Class Members.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

509866.01

17

CLASS ACTION COMPLAINT

96.    AutoZone's practice of expiring rewards credits has caused Plaintiffs and Class Members to lose their rewards credits, have the rewards credits they still possess be devalued; and effectively prevented them from realizing the full value of the rewards credits to which they were entitled.

97.    Furthermore, AutoZone's misrepresentations and omissions caused Plaintiffs and members of the class damages because had they known the truth about AutoZone's rewards program, they would not have made the purchases over $20 from AutoZone described herein.

98.    AutoZone's conduct caused and continues to cause substantial injury to Plaintiffs. Plaintiff and the other class members have suffered injury in fact and have lost money as a result of AutoZone's wrongful conduct.

99.    Pursuant to Business & Professions Code section 17203, Plaintiff and the other class members seek an order requiring AutoZone to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring AutoZone to engage in a corrective advertising campaign.

100.   Unless AutoZone is enjoined from continuing to engage in these unfair, unlawful and fraudulent business practices, Plaintiffs, and the public, will continue to be injured by AutoZone's actions and conduct.

101.   AutoZone has thus engaged in unlawful, unfair, and fraudulent business acts and practices, entitling Plaintiff and the other class members to judgment and equitable relief against AutoZone, as set forth in the Prayer for Relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by AutoZone as a result of such business acts or practices, and enjoining AutoZone from engaging in the practices described herein.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

509866/11

18
CLASS ACTION COMPLAINT

## SIXTH CAUSE OF ACTION

### Fraud

### (Against AutoZone and Does 1-20)

102. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 101, and each and every part thereof with the same force and effect as though fully set forth herein.

103. AutoZone made a series of misrepresentations, omissions and false promises to Plaintiffs and Class Members designed to mislead them into believing that under the AutoZone's rewards program, if they made five purchases over $20, they would receive 20 Rewards dollars. These misrepresentations, omissions, and false promises included:

a. Telling Plaintiffs and Class Members that if they made five purchases of $20 or more, they would receive 20 rewards dollars when AutoZone had no present intention of honoring this commitment with respect to the vast majority of its customers;

b. Failing to adequately disclose at the time Plaintiffs and Class Members became rewards members that AutoZone claimed the right to unilaterally expire rewards points without notice;

c. Failing to adequately disclose to Plaintiffs and Class Members that AutoZone intended to change its rewards program to make credits expire within twelve months;

d. Failing to adequately disclose to Plaintiffs and members of the class that AutoZone had, in fact, changed its rewards program to make rewards credits expire within twelve months;

e. Failing to adequately disclose to Plaintiffs and Class Members that AutoZone intended to change its rewards program to make $20 rewards expire within three months;

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

509866.01

CLASS ACTION COMPLAINT

f.      Failing to adequately disclose to Plaintiffs and members of the class that AutoZone had, in fact, changed its rewards program to make rewards expire within three months; and

g.      Continuing to advertise its rewards program by stating that members would earn 20 rewards dollars when they made five purchases of over $20, when, in fact, most rewards members would never meet the criteria to receive rewards dollars.

104.  AutoZone made these representations and omissions for the purpose of inducing Plaintiffs and Class Members into making purchases at AutoZone of over $20.

105.  Plaintiffs and Class Members reasonably relied on AutoZone's representations and made purchases because they believed, falsely that they would, in fact, be able to redeem their rewards credits for $20 rewards dollars, and that those rewards dollars would not expire.

106.  Plaintiffs and Class Members were damaged by losing the money they spent when they purchased products from AutoZone under false pretenses and then losing their rewards and rewards credits and/or having them almost entirely devalued.

107.  In addition to such damages, Plaintiff and Class Members seek punitive or exemplary damages pursuant to Civil Code section 3294 in that AutoZone engaged in "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant[s] with the intention on the part of the defendant[s] of thereby depriving a person of property or legal rights or otherwise causing injury."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs individually and on behalf of all other members of the general public similarly situated, pray for relief and judgment against Defendants, and each of them, jointly and severally, as follows:

**Class Certification**

1.      That this action be certified as a class action;

2.      That Plaintiffs be appointed as the class representative;

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

509865.01

20

CLASS ACTION COMPLAINT

3.     That counsel for Plaintiffs and the putative class be appointed as class counsel.

### On the First Cause of Action

1.     That Plaintiffs and Class Members be awarded compensatory and general damages according to proof;

2.     That Plaintiff and Class Members be awarded interest on the monies wrongfully obtained from the date of collection through the date of entry of judgment in this action;

3.     That AutoZone be mandated to make a payment to a cy pres fund.

4.     That Plaintiffs be awarded their costs pursuant to statutes as may be applicable; and

5.     All such other and further relief as the Court deems just and proper.

### On The Second Cause of Action

1.     That Plaintiffs and Class Members be awarded compensatory and general damages according to proof;

2.     That Plaintiff and Class Members be awarded interest on the monies wrongfully obtained from the date of collection through the date of entry of judgment in this action;

3.     That AutoZone be mandated to make a payment to a cy pres fund.

4.     That Plaintiffs be awarded their costs pursuant to statutes as may be applicable; and

5.     All such other and further relief as the Court deems just and proper.

### On the Third Cause of Action

1.     That Plaintiff and Class Members be awarded their actual damages according to proof;

2.     That AutoZone be mandated to restore all rewards credits which it has caused to expire for purchases made within the State of California.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

1    3.    That AutoZone be enjoined from expiring rewards credits in the future

2  and/or enjoined from representing that its customers will earn a $20 reward when they

3  make five purchases of over $20;

4    4.    That Plaintiffs and Class Members be awarded punitive damages;

5    5.    That Plaintiffs and Class Members be awarded their reasonable attorneys'

6  fees, expert witness fees, and other costs as may be applicable; and

7    6.    That Plaintiff and Class Members be awarded interest on the monies

8  wrongfully obtained from the date of collection through the date of entry of judgment in

9  this action;

10    7.    All such other and further relief as the Court deems just and proper.

11                    **On the Fourth Cause of Action**

12    1.    That AutoZone be enjoined from expiring rewards credits and/or enjoined

13  from representing that its customers will earn a $20 reward when they make five purchases

14  of over $20;

15    2.    That AutoZone be mandated to restore all expired rewards credits;

16    3.    That AutoZone be required to provide Plaintiffs and Class Members with full

17  restitution for purchases made based on AutoZone's false advertising of its rewards

18  program.

19    4.    All such other and further relief as the Court deems just and proper.

20                    **On the Fifth Cause of Action**

21    1.    That Plaintiff and Class Members be awarded their actual damages according

22  to proof;

23    2.    That AutoZone be mandated to restore all rewards credits which it has

24  caused to expire for purchases made within the State of California.

25    3.    That AutoZone be enjoined from expiring rewards credits going forward

26  and/or enjoined from representing that its customers will earn a $20 reward when they

27  make five purchases of over $20.

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

509866.01

1    4.    That Plaintiffs and Class Members be awarded punitive damages as to the

2  appropriate cause of action;

3    5.    That Plaintiffs and Class Members be awarded their reasonable attorneys'

4  fees, expert witness fees, and other costs as may be applicable; and

5    6.    That Plaintiff and Class Members be awarded interest on the monies

6  wrongfully obtained from the date of collection through the date of entry of judgment in

7  this action;

8    7.    All such other and further relief as the Court deems just and proper.

9    **On the Sixth Cause of Action**

10   1.    That Plaintiff and Class Members be awarded compensatory and general

11  damages according to proof;

12   2.    That Plaintiff and Class Members be awarded interest on the monies

13  wrongfully obtained from the date of collection through the date of entry of judgment in

14  this action;

15   3.    That Plaintiffs and the other class members be awarded punitive damages;

16   4.    That AutoZone be mandated to make a payment to a cy pres fund.

17   5.    That Plaintiffs and the other class members be awarded their reasonable

18  attorney's fees.

19   6.    That Plaintiffs be awarded their costs pursuant to statutes as may be

20  applicable; and

21   7.    All such other and further relief as the Court deems just and proper.

22

23  ///

24  ///

25  ///

26

27

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

509866.01

23

CLASS ACTION COMPLAINT

## JURY DEMAND

Plaintiffs Mary Ruth Hughes and Kevin Shenkman hereby demand a trial by jury of all claims so triable on behalf of themselves and the class.

DATED: August 18, 2016

ROSENFELD, MEYER & SUSMAN LLP
TODD W. BONDER
RYAN M. LAPINE

By: _____
Ryan M. Lapine

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP