UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

JS-6

| | | |
|---|---|---|
| **CASE NO.:** | CV <u>16-08009 SJO (KSx)</u> | **DATE:** <u>January 4, 2017</u> |
| **TITLE:** | <u>Hughes et al. v. AutoZone Parts, Inc. et al.</u> | |

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                   Not Present
Courtroom Clerk                    Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**       **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                        Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND** [Docket No. 21]; **DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FRAUD CLAIM AND STRIKE PRAYER FOR PUNITIVE DAMAGES** [Docket No. 17];

This matter is before the Court on (1) Defendants AutoZone Parts, Inc., AutoZone Inc., and AutoZone.com Inc.'s (together, "AutoZone") Motion to Dismiss Plaintiffs' Fraud Claim and Strike Prayer for Punitive Damages ("Dismissal Motion"), filed November 3, 2016; and (2) Plaintiffs Mary Ruth Hughes and Kevin Shenkman's (together, "Plaintiffs") Motion for Remand ("Remand Motion"), filed November 28, 2016. Plaintiffs opposed the Dismissal Motion ("Dismissal Opposition") on December 5, 2016, and AutoZone opposed the Remand Motion ("Remand Opposition") on December 27, 2016.[1] AutoZone filed a reply in support of the Dismissal Motion ("Dismissal Reply") on December 19, 2016, and Plaintiffs filed a reply in support of their Remand Motion ("Remand Reply") on January 3, 2017. The Court found these matters suitable for disposition without oral argument and vacated the hearings set for January 17, 2017. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** the Remand Motion and **DENIES AS MOOT** the Dismissal Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

        A.      Allegations in the Complaint and Procedural Posture

Plaintiffs filed the instant putative class action against AutoZone on August 18, 2016 in the Superior Court of the State of California for the County of Los Angeles. (*See* Notice of Removal, Ex. 2 ("Compl."), ECF No. 1.) The putative class is defined to include "[a]ll persons who were enrolled in AutoZone's rewards program and who made purchases from AutoZone in California for which: (1) the reward credit expired within the last four years; and/or (2) the $20 reward was

---

[1] The Court found good cause to permit Plaintiffs to file their Dismissal Opposition approximately one week late, and correspondingly extended both the deadline for AutoZone to reply and the hearing date. (*See* Minute Order, ECF No. 27.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

JS-6

CASE NO.: CV 16-08009 SJO (KSx)            DATE: January 4, 2017

deemed to expire within three months." (Compl. ¶ 49.) By way of this action, Plaintiffs seek "among other things, injunctive relief, damages, including punitive damages, civil penalties, costs and disgorgement to remedy AutoZone's ill-begotten gains through its deceptive 'rewards' program obtained at the expense of Plaintiffs and others similarly situated." (Compl. ¶ 11.) In an effort to obtain such relief, Plaintiffs assert the following five causes of action against AutoZone: (1) breach of contract ("Breach of Contract Claim"); (2) violation of the Consumer Legal Remedies Act, codified at California Civil Code §§ 1750 *et seq.* ("CLRA Claim"); (3) violation of California's False Advertising Act, codified at California Business & Professions Code §§ 17500 *et seq.* ("FAL Claim"); (4) violation of California's Unfair Competition Law, codified at California Business & Professions Code §§ 17200 *et seq.* ("UCL Claim"); and (5) fraud ("Fraud Claim"). (*See generally* Compl.)

Plaintiffs allege the following in their Complaint. They are a married couple who purchased goods from AutoZone in California while longtime members of AutoZone's "rewards" program, explained in greater detail below. (Compl. ¶¶ 12, 20.) All three AutoZone defendants are "part of the same corporate family, organized under the laws of Nevada," and "transact[ ] more business in California than in any other state." (Compl. ¶ 13.)

In order to encourage its customers to make purchases from it valued at more than $20, AutoZone maintains a rewards program. (Compl. ¶ 19.) After AutoZone informed Plaintiffs, "through advertising, store signage, and interactions with AutoZone customers," that they would receive a $20 store credit every time they made five purchases of over $20, Plaintiffs enrolled in the rewards program and received physical cards to present at AutoZone each time they made such a qualifying purchase. (Compl. ¶¶ 21-22.) AutoZone explained to Plaintiffs that after they made five such purchases, they would receive "20 rewards dollars," a store credit they could use at AutoZone as though it were cash. (Compl. ¶ 23.) They were not informed that their credits could expire. (Compl. ¶ 29.)

For years, Plaintiffs continued to buy products at AutoZone, often intentionally purchasing additional goods to bring their total over the $20 limit so that they would receive a rewards credit. (Compl. ¶ 24.) For years, to the best of Plaintiffs' knowledge, the rewards program worked as advertised, with AutoZone giving Plaintiffs a $20 store credit every time they made five purchases over $20. (Compl. ¶ 25.) In early March 2016, however, after making a purchase at a Los Angeles AutoZone store, Plaintiffs learned that several of the rewards credits they had received as part of their prior purchases from AutoZone were no longer recognized by AutoZone. (Compl. ¶ 26.) Plaintiff Shenkman complained to the Autozone store employee and requested that the credits be placed back on Plaintiffs' account, but was informed that their rewards credits had "expired" and explained that he was "merely following corporate policy and was powerless to make any changes." (Compl. ¶¶ 27-28.)

Plaintiffs have since learned that AutoZone unilaterally changed the terms of its rewards program in 2014 or 2015 to make rewards credits expire after twelve (12) months and to make rewards

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**JS-6**

**CASE NO.:** CV 16-08009 SJO (KSx)          **DATE:** January 4, 2017

dollars expire after three (3) months. (Compl. ¶ 30.) This change was retroactive. (Compl. ¶ 31.) Because of the nature of automotive service, "the vast majority of [AutoZone's] customers would not and do not make five separate purchases of $20 for automotive goods and services in a twelve-month span, rendering the 'rewards' program illusory and deceptive." (Compl. ¶ 33.) Notwithstanding this change, AutoZone still advertises its rewards program in a manner designed to mislead its customers as to the expiration dates. (Compl. ¶¶ 39-43.)

AutoZone removed the instant action to this Court on October 27, 2016, contending this Court can properly exercise subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(2)(A) and 1332(d)(5)(B) because the matter in controversy exceeds $5,000,000, exclusive of interests and costs. (Notice of Removal § III.) AutoZone filed an Amended Notice of Removal on November 14, 2016, in relevant part updating the evidence in support of its amount-in-controversy calculation. (*See* Am. Notice of Removal § III(B), ECF No. 18.)

II. <u>DISCUSSION</u>

    A. <u>Legal Standards</u>

        1. <u>Remand Based on Lack of Subject-Matter Jurisdiction</u>

28 U.S.C. section 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Under the removal statute, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). Courts can properly exercise diversity jurisdiction over class actions, provided "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," and provided no member of the class of plaintiffs is a citizen of the same state as any defendant. 28 U.S.C. § 1332(d)(2).

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Id.* (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)). Courts "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation and internal quotation marks omitted).

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

JS-6

CASE NO.: CV 16-08009 SJO (KSx)     DATE: January 4, 2017

B. Analysis

  1. Remand Motion

In their Remand Motion, Plaintiffs argue the instant action must be remanded because AutoZone has failed to show by a preponderance of admissible evidence that the $5,000,000 amount-in-controversy requirement set forth in the Class Action Fairness Act ("CAFA") is satisfied. (*See* Remand Mot., ECF No. 21.) The Court agrees.

"[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, — U.S. —, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* "When discussing the amount in controversy, a removing party cannot speculate, but must provide the underlying facts supporting its calculations." *Lockhart v. Columbia Sportswear Co.*, No. 5:15-cv-02634-ODW, 2016 WL 2743481, at *3 (C.D. Cal. May 11, 2016) (citing *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). "Where the defendant relies on calculations to satisfy its burden of proof, those calculations must be 'good faith, reliable estimates based on pleadings and other evidence of record.'" *Id.* (quoting *Ellis v. Pac. Bell Tel. Co.*, No. SACV 10-01141-CJC-FF, 2011 WL 499390, at *2 (C.D. Cal. Feb. 10, 2011)).

In each of its initial Notice of Removal, Amended Notice of Removal, and Remand Opposition, AutoZone relies entirely on the declarations of Bernadette Pawlak to support its claim that the amount in controversy exceeds $5,000,000. (*See* Notice of Removal § III(B); Am. Notice of Removal § III(B); Decl. Bernadette Pawlak in Supp. Remand Opp'n ("Third Pawlak Decl.").) In her first declaration, which spans a total of two paragraphs, Ms. Pawlak avers that she is the "Director of Loyalty Marketing" at AutoZone, Inc., and that "[b]ased on AutoZone's Rewards Program membership data that [she] reviewed, there are approximately 8,460,697 AutoZone Rewards Program members in California." (Decl. Bernadette Pawlak in Supp. Notice of Removal ("First Pawlak Decl.") ¶¶ 1-2, ECF No. 1-5.) In her supplemental declaration, which spans a total of three pargraphs, Ms. Pawlak again avers that "[t]here are approximately 8,460,697 AutoZone Rewards Program members in California," and further avers that "[b]ased on [her] review of AutoZone's Reward Program membership data, of those Rewards Program members in California, approximately 758,982 members have had a $20 reward expire as a result of the 2015 change in program terms." (Suppl. Decl. Bernadette Pawlak in Supp. Am. Notice of Removal ("Second Pawlak Decl.") ¶¶ 2-3, ECF No. 18-1.) Thus, according to Ms. Pawlak, "[i]f the putative class as currently described in the Complaint is comprised of at least 758,982 members and the Court rules that each class member is entitled to the value of a $20 Reward that expired, then the amount in controversy will" be $15,176,400, exceeding the $5,000,000 threshold. (Second Pawlak Decl. ¶ 3.) In her third declaration, Ms. Pawlak sheds some additional light as to which members have

|  |  |  |
|---|---|---|
| UNITED STATES DISTRICT COURT | Priority | \_\_\_\_ |
| CENTRAL DISTRICT OF CALIFORNIA | Send | \_\_\_\_ |
|  | Enter | \_\_\_\_ |
| CIVIL MINUTES - GENERAL | Closed | \_\_\_\_ |
|  | JS-5/JS-6 | \_\_\_\_ |
|  | Scan Only | \_\_\_\_ |

**JS-6**

**CASE NO.:** CV <u>16-08009 SJO (KSx)</u>        **DATE:** <u>January 4, 2017</u>

opened AutoZone Rewards accounts, including (1) that her cited figures include both active and inactive accounts; (2) that this figure includes members who signed up for the Rewards Program in a California store but have since left the state; and (3) that a revised figure for active California Rewards Members, 6,619,091, "reflects all AutoZone members at any level of activity, including those who may have signed up for the Rewards Program and only ever made a single purchase using their Rewards card" as well as "multiple accounts for those customers who may have signed up once, lost their card and account information, and signed up again under a new account." (Third Pawlak Decl. ¶¶ 4-5.) Moreover, Ms. Pawlak declares that "[b]ased on the results of [certain] queries to the Loyalty database, I determined that approximately 748,258 California Rewards Members have had all or a portion of a $20 Reward expire since January 2012." (Third Pawlak Decl. ¶ 7.) Ms. Pawlak additionally references data regarding how many California Rewards Members have had a credit expire since 2012. (Third Pawlak Decl. ¶¶ 9-10.)

Plaintiffs argue that AutoZone has "submitted evidence that falls well short of showing that 'the reality of what is at stake' in this litigation is over $5 million, as is required by CAFA." (*See* Remand Mot. 8, ECF No. 21.) The Court agrees. In none of Ms. Pawlak's three declarations does she either indicate the average value of the relevant members' $20 Reward that expired or even suggest why the Court might award all affected Loyalty Rewards Members the full $20 of each expired award. (*Cf.* Second Pawlak Decl. ¶ 3 [averring that "[i]f the putative class as currently described in the Complaint is comprised of at least 758,982 members **and the Court rules** that each class member is **entitled to the value of a $20 Reward** that expired, then the amount in controversy will" be $15,176,400]; Third Pawlak Decl. ¶ 7 [averring that 748,258 California Rewards Members "have had all **or a portion of a** $20 Reward expire since January 2012"].) Indeed, one of the query terms used by Ms. Pawlak was whether "at least $0.01 of a Reward expired," suggesting the universe of possible query results includes coupons valued less than $20 that have expired. Thus, even assuming Ms. Pawlak's other calculations were accurate and admissible, the Court cannot discern from her testimony why the amount in controversy should equal $20 times the number of individuals who have had their rewards expire since 2012. AutoZone quietly acknowledges this point, arguing that "[t]he number of impacted members would have to be reduced by two-third the number reflected in AutoZone's database to bring the amount in controversy under the jurisdictional limit." (Remand Opp'n 8.) But it is AutoZone's burden, not Plaintiffs', to calculate the amount in controversy based upon reasonable assumptions. This AutoZone has failed to do.[2]

Further, "[i]n reviewing the 'summary-judgment-type evidence' required for a defendant to meet its burden on removal . . ., the court 'can only consider admissible evidence[.]'" *Garcia v. Wal-Mart*

---

[2] AutoZone's recitation to Plaintiffs' request for injunctive relief, punitive damages, civil penalties, attorneys' fees and costs do not move the needle, for AutoZone admittedly "has not attempted to estimate" these totals. (Remand Opp'n 5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

JS-6

CASE NO.: CV 16-08009 SJO (KSx)          DATE: January 4, 2017

*Stores*, No. CV 15-5337 FMO (ASx), 2016 U.S. Dist. LEXIS 127476, at *15 (C.D. Cal. Sept. 19, 2016) (citations omitted).  "In order to be considered by the court, documents must be authenticated by and attached to [a declaration] that meets the requirements of Fed. R. Civ. P. 56(e) and the [declarant] must be a person through whom the exhibits could be admitted into evidence."  *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) (internal quotation marks omitted).  None of Ms. Pawlak's declarations either attach the records she reviewed nor attempts to establish that such records are authentic.  *See* Fed. R. Evid. 901 (stating the requirements for authentication of evidence).  "For this reason alone, the court may disregard the records and any information contained within them."  *Garcia*, 2016 U.S. Dist. LEXIS 127476 at *16.

For the foregoing reasons, the Court finds that AutoZone has failed to meet its burden of demonstrating the amount in controversy meets or exceeds $5 million, and accordingly **GRANTS** Plaintiffs' Remand Motion.

        2.       <u>Dismissal Motion</u>

Because the Court found in Section II(B)(1), *supra*, that AutoZone failed to meet its burden of establishing that this Court can properly exercise subject-matter jurisdiction over the instant action, the Court **DENIES AS MOOT** AutoZone's Dismissal Motion.  *See Lopez v. JPMorgan Chase Bank, N.A.*, No. No. SACV 15-02030 JVS (JCGx), 2016 WL 320105 (C.D. Cal. Jan. 25, 2016) (denying as moot defendant's motion to dismiss where the court granted the plaintiff's motion for remand based on lack of subject-matter jurisdiction).

III.    <u>RULING</u>

For the foregoing reasons, the Court **GRANTS** Plaintiffs Mary Ruth Hughes and Kevin Shenkman's Motion for Remand and **DENIES AS MOOT** Defendants AutoZone Parts, Inc., AutoZone Inc., and AutoZone.com Inc.'s Motion to Dismiss Plaintiffs' Fraud Claim and Strike Prayer for Punitive Damages.  The instant action is hereby **REMANDED** to the Superior Court of the State of California for the County of Los Angeles.

IT IS SO ORDERED.